UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| TAMMIE J. JACKSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-800 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On November 5, 2004, plaintiff filed her application for DIB benefits, claiming an May 2, 2003 onset of disability. Plaintiff's claim was denied on initial review. (A.R. 29-33). On September 4, 2007, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 152-78). On December 14, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 16-23). On June 20, 2008, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision.

On August 22, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. Plaintiff argues that ALJ failed to give sufficient deference to the opinion of her treating family physician, Jesse Landhuis, M.D. (Plaintiff's Brief at 1, docket # 9). Upon review, I find that plaintiff's argument does not provide

a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996)

("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of May 2, 2003, through September 30, 2007, but not thereafter. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that plaintiff had the following severe combination of impairments: "history of thrombophlebitis and pulmonary embolism; status post aortic filter placement." (A.R. 18). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 19). The ALJ observed that plaintiff presented very limited medical evidence in support of her claim. (A.R. 19). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant's impairments prevented her from: lifting and carrying over 10 pounds occasionally or more than 5 pounds frequently; standing and/or walking more than 2 hours in an 8-hour workday. The claimant can sit 6 hours in a workday and she has a residual functional capacity for sedentary work.

(A.R. 20). The ALJ determined that plaintiff's subjective complaints were not fully credible:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> Specifically, there is a fairly limited amount of evidence addressing the claimant's allegedly debilitating impairment.  The claimant is not considered a surgical candidate, and no physician imposed work preclusive limitation on her functioning.  The record does not disclose embolism, profound occlusive disease or vascular compromise.  The claimant's clinical presentations were commonly free of edema, loss of peripheral pulses, dilated superficial veins, skin pigmentation or stasis syndrome.  The claimant is somewhat overweight.  The undersigned is aware that obesity often complicates existing medical problems, and that the effects of this condition may not be readily apparent.  The combined effects of obesity with other impairments may be greater than expected without the disorder.  The Administrative Law Judge considered any added and cumulative effects this condition pla[ced] on her ability to function.  In spite of h[er] weight, clinicians observed the claimant ambulate without an assistive device and to retain functional range of motion.  The record is devoid of neurological dysfunction manifested by the claimant in terms of motor power, reflex activity or sensation.  While this claimant certainly suffers from some pain and limitation of function, the evidence in its entirety does not fully support her contentions as to the degree of her symptoms and level of dysfunction, including her expressed need to elevate her legs above heart level for significant intervals each day.  Though limited to some extent, within testimony or the written record, it was reported that the claimant was able to perform self-care tasks and other activities.  The claimant prepared simple meals, washed dishes and limited laundry chores.  In addition, the claimant dusted, completed light household cleaning chores, and drove for short distances.  Further, the claimant did some shopping, used a computer, took care of her pet, read and watched television.  Moreover, the claimant crocheted, held Bible study sessions at her home, attended church services and [took care of her own] personal finances.  Continuing, the claimant spent time with others, exercised, and occasionally played cards (Exhibits 4E, 5F).

(A.R. 21-22).  The ALJ held that plaintiff was not disabled at step-four of the sequential analysis because, through her date last insured, plaintiff's past relevant work as a lab clerk did not require the performance of work-related activities precluded by her RFC.  (A.R. 22).

**1.**

Plaintiff argues that the ALJ failed to give adequate weight to her treating physician's opinion that, for relief from leg pain, plaintiff needed to elevate her feet above her heart level for two hours every three to four hours. (Plaintiff's Brief at 1, 4-5, docket # 9; Reply Brief at 1-2, docket # 16). Upon review, I find that plaintiff's argument does not provide a basis for disturbing the Commissioner's decision.

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). "Generally, the opinions of treating physicians are given substantial, if not controlling deference." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008)("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health*

*& Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006); *see also Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Allen v. Commissioner*, 561 F.3d 646, 651 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deem them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876. The ALJ carefully considered Dr. Landhuis's opinion and complied with the procedural requirement of providing "good reasons" for the weight it received:

> As for the opinion evidence, the undersigned considered the reports and views of Dr. Landhuis. As mentioned, in a January 5, 2005, report, Dr. Landhuis indicated that the claimant was able to perform sedentary and higher exertional level work (Exhibit 2F)[A.R. 105-06](The vocational expert testified that these limitations did not preclude the performance of the claimant's former work as a lab clerk). During January 2007, Dr.

>   Landhuis completed an assessment (Exhibit 4F)[A.R. 116-18] that listed restrictions incompatible with the performance of full-time competitive employment (e.g., claimant could only sit, stand and walk a total of 2.5 hours in an 8-hour workday; claimant must elevate her feet above heart level for 2 hours every 3-4 hours). Dr. Landhuis' progress notes do not reflect deterioration in the claimant's condition between these opposing appraisals. As delineated, the doctor's clinical findings were fairly benign, and certainly do not suggest such level of dysfunction as indicated in his 2007 opinion. As Dr. Landhuis's January 2007 view is not well supported objectively, is internally inconsistent, and is contradicted by the record in its entirety, it is accorded minimal weight.

(A.R. 22). Thus, the ALJ was faced with one medical opinion that supported an RFC for sedentary work, and a second report from the same doctor, given two years later, purporting to impose extreme restrictions, but not supported by any medical tests, findings, or other evidence justifying the change in opinion. This required the ALJ to evaluate this patent discrepancy under the principles set out in the regulations and cases, which the ALJ did. I find no violation of the treating physician rule. The ALJ's decision is supported by the evidence and complied with the procedural requirement of providing "good reasons" for the weight he gave to the opinions of plaintiff's treating physician.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:   June 26, 2009            /s/  Joseph G. Scoville            
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006);

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).